Bruce F. Smith
Steven C. Reingold
Jonathan M. Horne
JAGER SMITH P.C.
730 Third Avenue, 25th Floor
New York, New York 10017
telephone: (212) 683-3520
email: bsmith@jagersmith.com
sreingold@jagersmith.com
jhorne@jagersmith.com

*Counsel to Craig R. Jalbert, the Liquidating Trustee of the BosGen Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| BOSTON GENERATING, LLC, *et al.*, | Case No. 10-14419 (SCC) |
| Debtors. | |
| CRAIG R. JALBERT, the Liquidating Trustee of the BosGen Liquidating Trust, | |
| Plaintiff, | Adv. Pro. No. 12-_____ (SCC) |
| v. | |
| STALLION COMPANIES LLC, | |
| Defendant. | |

# COMPLAINT

Craig R. Jalbert, Liquidating Trustee (the "**Liquidating Trustee**") of the BosGen Liquidating Trust (the "**Liquidating Trust**"), through his undersigned counsel, by way of complaint against Stallion Companies LLC (the "**Transferee**"), hereby alleges as follows:

***The Parties***

1. On August 31, 2011 this Court entered an order confirming the *Second Amended Joint Plan of Liquidation of Boston Generating, LLC, et al.* (the "**Plan**"). On September 14, 2011 the Liquidating Trustee and each of the Debtors executed the *Liquidating Trust Agreement* (the "**LT Agreement**"), which became effective on September 15, 2011. Pursuant to the Plan and the LT Agreement, Craig R. Jalbert was appointed as the Liquidating Trustee.

2. Pursuant to the Plan and the LT Agreement, the Liquidating Trustee succeeded to all of the Debtors' rights, title and interests in the Liquidating Trust Assets (as that term is defined in the Plan) and was given the powers, duties and obligations set forth in the Plan and in the LT Agreement, including but not limited to the authority to pursue all claims and causes of action of the Debtors.

3. Upon information and belief, the Transferee is a limited liability company formed under the laws of the Commonwealth of Massachusetts with its principal place of business at 164 Burke Street, Nashua, New Hampshire 02149.

***Jurisdiction and Venue***

4. On August 18, 2010 (the "**Petition Date**") Boston Generating, LLC, EBG Holdings LLC, Fore River Development, LLC, Mystic I, LLC, Mystic Development, LLC, BG New England Power Services, Inc., and BG Boston Services, LLC (individually, a "**Debtor**" and collectively, the "**Debtors**"), each filed a *Voluntary Petition* for relief under Chapter 11 of Title 11 of the United States Code.

5. This is a core proceeding under 28 U.S.C. §§ 157(b)(2). The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

6. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

***Allegations Applicable to All Counts***

7. Upon information and belief, the Transferee is in the business of supplying goods and services to, among others, the power industry.

8. Upon information and belief, the Transferee supplied goods and services to one or more of the Debtors prior to the Petition Date.

9. The books and records of Mystic Development, LLC ("**Mystic Development**") show that from time to time the Transferee provided goods and/or services to Mystic Development.

10. The books and records of Mystic Development show that from time to time Mystic Development owed one or more debts to the Transferee.

11. Upon information and belief, the Transferee's books and records show that from time to time Mystic Development owed one or more debts to the Transferee.

12. The books and records of Mystic Development show that from time to time Mystic Development made payments to the Transferee and that such payments were on account of the debts of Mystic Development to the Transferee.

13. Upon information and belief, the Transferee's books and records show that from time to time Mystic Development made payments to the Transferee and that such payments were on account of the receivables shown on the Transferee's books and records from Mystic Development.

14. At the time Mystic Development made all payments to the Transferee, Mystic Development was indebted to the Transferee.

***Count I***
***11 U.S.C. § 547(b)***

15. The Liquidating Trustee repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 14 of the Complaint as if the same were fully set forth at length herein.

16. On or within the ninety (90) days prior to the Petition Date, Mystic Development made the following transfers of its property to the Transferee on the date(s), and in the manner(s) identified below:

| Transfer Date | Transfer Amount | Mode of Transfer/ Check No. | Bank | Account No. |
|---|---|---|---|---|
| 6/10/2010 | $20,000.00 | 22922 | Citibank, N.A. | XXXXXX6996 |
| 7/8/2010 | $22,301.00 | 23007 | Citibank, N.A. | XXXXXX6996 |

17. The total amount of the property transferred by Mystic Development to the Transferee on or within the ninety (90) days prior to the Petition Date was $42,301.00 (the "**Avoidable Transfers**"). True and accurate copies of documents evidencing the Avoidable Transfers are annexed hereto as Exhibit A.

18. Mystic Development made each and all of the Avoidable Transfers: (i) to or for the benefit of the Transferee as a creditor of one or more of the Debtors; (ii) for or on account of an antecedent debt owed by one or more of the Debtors to the Transferee before each and all of the Avoidable Transfers were made; and (iii) while the Debtors were insolvent.

19. The Avoidable Transfers enabled the Transferee to receive more than it would have received under Chapter 7 of the Bankruptcy Code, if such payment had not been made and if the Transferee had received payment of the debt to the extent provided by the Bankruptcy Code.

20. Upon information and belief, the Avoidable Transfers enabled the Transferee to receive one-hundred percent (100%) of the amount due on the invoices for which the Avoidable Transfers were made.

21. Upon information and belief, had the Avoidable Transfers not been made the assets of the Liquidating Trust would have been insufficient to enable the Transferee to receive one-hundred percent (100%) of the amount due on the invoices for which the Avoidable Transfers were made.

22. Based upon the foregoing, the Liquidating Trustee may avoid the Avoidable Transfers and preserve the same for the benefit of the Liquidating Trust.

***Count II***
***11 U.S.C. § 550(a)***

23. The Liquidating Trustee repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 22 of the Complaint as if the same were fully set forth at length herein.

24. The Transferee was the initial transferee of the Avoidable Transfers, or the Avoidable Transfers were otherwise made for the benefit of the Transferee.

25. Based upon the foregoing, the Liquidating Trustee may recover the Avoidable Transfers, or the value thereof, for the benefit of the Liquidating Trust.

**WHEREFORE**, the Liquidating Trustee demands judgment against the Transferee as follows:

i. declaring the Debtors' transfers of the Avoidable Transfers to the Transferee void and avoided;

ii. awarding to the Liquidating Trustee for the benefit of the Liquidating Trust the recovery from the Transferee of the Avoidable Transfers, or the value thereof; and

iii. granting to the Liquidating Trustee such other and further relief as the Court deems proper and just.

Dated: August 16, 2012

JAGER SMITH P.C.

/s/ Jonathan M. Horne

Bruce F. Smith
Steven C. Reingold
Jonathan M. Horne
JAGER SMITH P.C.
730 Third Avenue, 25th Floor
New York, New York 10017
telephone: (212) 683-3520
email: bsmith@jagersmith.com
sreingold@jagersmith.com
jhorne@jagersmith.com

*Counsel to Craig R. Jalbert, the Liquidating Trustee of the BosGen Liquidating Trust*

# EXHIBIT A

BG NEW ENGLAND POWER SERVICES, INC.
FBO MYSTIC DEVELOPMENT, LLC
THE SCHRAFFT CENTER
529 MAIN ST., SUITE 605
CHARLESTOWN, MA 02129

022922

CITI BANK, N.A.
1-8/210

DATE 6/3/2010

AMOUNT ****20,000.00*

PAY *TWENTY THOUSAND AND XX / 100

TO THE ORDER OF STALLION COMPANIES LLC

PO BOX 419
Humarock, MA 02047

Security features. Details on back.

⑈022922⑈ ⑆021000089⑆ 9961586998⑈

RBS CITIZENS VA 06092010
[illegible]
011500120
230050583 1

Deposit to the Acct of
[illegible]
1313694477

Post Date: 06/10/2010
Account: 9961586996
Amount: $20,000.00
Routing & Transit: 21000089
Check No.: 22922
Acct of Deposit: 0

BG NEW ENGLAND POWER SERVICES, INC.
FBO MYSTIC DEVELOPMENT, LLC
THE SCHRAFFT CENTER
529 MAIN ST., SUITE 605
CHARLESTOWN, MA 02129

023007

CITI BANK, N.A.
1-8/210

DATE 6/29/2010

AMOUNT ****22,301.00*

PAY *TWENTY-TWO THOUSAND THREE HUNDRED ONE AND XX / 100

TO THE ORDER OF STALLION COMPANIES LLC

PO BOX 419
Humarock, MA 02047

Security Features Details on back

⑈023007⑈ ⑆021000089⑆ 9961586996⑈

Deposit to the Account of Stallion Companies 1313604477

RBS CITIZENS NA 07072010
EPROV RI 5976/91/230/919
▶011500120◀
2100745918

Post Date: 07/08/2010
Account: 9961586996
Amount: $22,301.00
Routing & Transit: 21000089
Check No.: 23007
Acct of Deposit: 0